UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRIAN C. CZORNYJ, <br><br>                          Plaintiff, <br><br> -against- <br><br> BRIAN HENDERSON, et al., <br><br>                          Defendants. | 22-CV-10069 (LTS) <br><br> ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

On November 28, 2022, Plaintiff commenced this *pro se* action by filing a complaint, request to proceed *in forma pauperis* ("IFP"), and a motion to seal a filing.[1] The Court construes Plaintiff's motion to seal as a motion to seal the complaint.

By order dated January 17, 2023, the Court granted Plaintiff's request to proceed IFP. For the reasons set forth below, the Court denies Plaintiff's motion to seal the complaint and dismisses the complaint as frivolous.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the

---

[1] While Plaintiff's motion has been pending, the Clerk of Court has restricted electronic access to Plaintiff's complaint to a "case participant-only" basis.

"strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff brings this action against the University of Pittsburg and two individuals, Andrew Henderson and Juan Xing. Plaintiff alleges that

> Henderson claimed to be in the CIA and threatened Trump with assassination, leading to Stockholm Syndrome as Henderson conducted torture in public in a waiting room at UPSOM with ~10 observers. Henderson implied a CIA treasonous conspiracy and threatened myself and my parents with death. I then made a defense expecting to die and sounding good, Henderson said 'I have to be the President' causing: 1) a fatal dilemma where Y/N leads to expected death; 2) implied coup and treason; 3) fear of The Mandate of Heaven and destiny crisis; 4) being 27, this implied 16 years of decreed fate, imprisonment and enslavement.

(ECF 2, at 5.) Plaintiff also alleges that "Henderson threatened this . . . on Facebook (which to this day remains unknown – a major obstruction of justice), constituting HIPAA violation, live streaming a PTSD trauma." (*Id.*)

Plaintiff claims injuries in the form of "[u]ntreated betrayal, spiritual, solitary confinement, psychological torture/warfare PTSD, suspected memory damage. Sexual damage.

Social functioning." (*Id.* at 6.) He seeks "property with a SKIF for protection from cybertorture." (*Id.*)

In an attachment to the complaint, Plaintiff refences characters from the television series, *Game of Thrones*, in relationship to himself: "Ned Stark – Brian Czornyj 2016-2017 Jon Snow – Brian Czornyj 2017 – 2020 Aegon Targaryen – Brian Czornyj 2020."[2] (*Id.* at 13.) Plaintiff also includes narrative summaries from *Game of Thrones*, such as, "[e]ver since Ned Stark returned to Winterfell in 2017 after The Massacre in The Red Keep, his parents Rhaegar Targaryen and Lyanna Stark have exhibited anomalous and hostile behaviors making Jon Snow feel like a prisoner in his own private residence with his parents as enslaved torturing jailers." (ECF 2-1, at 1.)

## DISCUSSION

A.  **The Court Denies Plaintiff's Motion to Seal**

Both the common law and the First Amendment protect the public's right of access to court documents. *See Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 597-99 (1978); *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91-92 (2d Cir. 2004). This right of access is not absolute, and "the decision as to access [to judicial records] is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599 (footnote omitted).

The United States Court of Appeals for the Second Circuit has set forth a three-part analysis to determine whether a document relating to a lawsuit should be made available to the public. *See Lugosch v. Pyramid Co.*, 435 F.3d 110, 119-20 (2d Cir. 2006). First, the Court must

---

[2] *See* HBO, *Game of Thrones*, Cast & Characters, https://www.hbo.com/game-of-thrones/cast-and-crew.

determine whether the document is indeed a "judicial document," to which the public has a presumptive right of access. *Id.* at 119. Judicial documents are those that are "relevant to the performance of the judicial function and useful in the judicial process." *Id.* (internal quotation marks and citation omitted).

Second, if the Court determines that the materials to be sealed are judicial documents, then the Court must determine the weight of the presumption of access. *Id.* "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995). Finally, "the court must balance competing considerations against" the presumption of access. *Lugosch*, 435 F.3d at 120 (internal quotation marks and citation omitted). "Such countervailing factors include but are not limited to the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.* (internal quotation marks and citation omitted).

Plaintiff's complaint is a "judicial document," to which the public is presumed to have a right of access. *See Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 139-40 (2d Cir. 2016) (all pleadings, including a complaint, "are judicial records subject to a presumption of public access"). Second, Plaintiff's complaint plays a central role in this Court's exercise of its Article III judicial power and in enabling the public to monitor the federal courts. *See Amodeo*, 71 F.3d at 1049. Third, access to the complaint in this action does not raise any concerns regarding a "danger of impairing law enforcement or judiciary efficiency." *Lugosch*, 435 F.3d at 120. Plaintiff's argument, that his complaint should be sealed because it "contains

provocative anomalies, spiritual anomalies, description of spiritually corrupt activity, suspected test of God enslaved sin, medical records" (ECF 3, at 1), has no merit. Though it is true that the complaint "is very disturbing . . . [and it] describes overkill torture" (*id.*), the Court notes also that the complaint appears to retell storylines from the *Game of Thrones*, with Plaintiff playing a starring role. Such material is not entitled to privacy.

As Plaintiff does not meet the standard necessary to overcome the presumption of access to judicial documents, the Court denies his motion to seal the complaint.

B. **The Court Dismisses the Complaint as Frivolous**

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 475, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely, *see Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. To the extent the complaint summarizes *Game of Throne* narratives, such a summary is on its face frivolous. To the extent Plaintiff places himself in *Game of Throne* narratives, that part of the complaint is also frivolous. Finally, to the extent Plaintiff contends that the allegations concerning Defendant Henderson occurred, and involved Plaintiff, such allegations appear to rise to the level of the irrational. The Court therefore dismisses the complaint as frivolous.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

The Court denies Plaintiff's motion to seal (ECF 4), which the Court construes as a motion to seal the complaint. The Court directs the Clerk of Court to remove the electronic restrictions currently in place, limiting access to the complaint (ECF 6).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   March 13, 2023
          New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge